J-S79037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON GILL | : | |
| | : | |
| Appellant | : | No. 3654 EDA 2016 |

Appeal from the Judgment of Sentence October 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010593-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 19, 2017**

Appellant, Aaron Gill, appeals from the judgments of sentence entered in the Philadelphia County Court of Common Pleas, following the revocation of his probation.  We affirm.

The relevant facts and procedural history of this case are as follows.

> On November 4, 2010, [Appellant] entered into a negotiated guilty plea in CP-51-CR-0010593-2010 to (i) Robbery by Inflicting Threat of Imminent Bodily Injury in violation of 18 Pa.C.S. § 3701(a)(1)(iv) and (ii) Criminal Conspiracy in violation of 18 Pa.C.S. § 903(a)(1). [Appellant] was sentenced to eleven and a half (11½) to twenty three (23) months' confinement, and one (1) year of probation, with immediate parole.
>
> On June 14, 2012 [Appellant] entered into a non−negotiated guilty plea in MC-51-CR-0050330-2011, to Possessing an Offensive Weapon in violation of 18 Pa.C.S. § 908(a).  [This] offense took place while on this [c]out's probation.  At a subsequent Violation of Probation "VOP") hearing, this [c]ourt found [Appellant] to be in violation of

its probation and sentenced [Appellant] to a new eight (8) years of probation [at 10593-2010].

On July 6, 2013, [Appellant] was again arrested while on this [c]ourt's probation, and on June 7, 2016, [Appellant] was found guilty of: (i) Robbery by Inflicting Threat of Imminent Bodily Injury in violation of 18 Pa.C.S. § 3701(a)(1)(iv); (ii) Possession of a Firearm Prohibited in violation of 18 Pa.C.S. § 6105(a)(1); (iii) Theft by Unlawful Taking of Movable Property in violation of 18 Pa.C.S. § 3921(a); (iv) Possessing Instruments of a Crime in violation of 18 Pa.C.S. § 907(a); and (v) Simple Assault in violation of 18 Pa.C.S. § 2701(a). The Honorable Judge Scott O'Keefe in the Philadelphia Court of Common Pleas sentenced [Appellant] to serve a total term of incarceration of two and a half (2½) to five (5) years, followed by five (5) years of probation.

Following a VOP hearing on October 24, 2016, this [c]ourt found [Appellant] to be in violation of its probation, revoked [Appellant's] probation, and sentenced him to a term of four (4) to eight (8) years of incarceration in [10593-2010] to be served consecutively to the two and a half (2½) to five (5) years imposed by Judge O'Keefe.

On October 28, 2016, [Appellant] filed a Motion for Reconsideration of VOP Sentence. On November 23, 2016, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania. On January 3, 2017, this [c]ourt issued an order directing [Appellant] to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On January 23, 2017, [Appellant] filed a Concise Statement of Errors Complained of on Appeal alleging that this [c]ourt erred by imposing a sentence that was manifestly excessive and unreasonable under Section 9721 of the Sentencing Code and was disproportionate to the conduct at issue.

(Trial Court Opinion, filed April 10, 2017, at (1-2).

Appellant raises the following issue for our review:

WAS NOT THE SENTENCE OF FOUR TO EIGHT YEARS

INCARCERATION FOR [APPELLANT]'S PROBATION VIOLATION EXCESSIVE AND UNREASONABLE?

(Appellant's Brief at 4).

Appellant argues his sentence following revocation is manifestly excessive and too severe. Appellant concedes his recent conduct deserves a punitive sanction, but it was simply insufficient to warrant an eight-year sentence for a second violation, especially when that new sentence runs consecutive to a previously imposed sentence. Appellant claims his probation violation is unquestionably a serious matter, and he received an appropriate punishment for his new offense. Appellant asserts the additional four to eight years' incarceration for the revocation sentence, however, is grossly disproportionate and inconsistent with the protection of the public, the gravity of the underlying offense and his rehabilitative needs. Appellant submits the court was certainly entitled to sentence Appellant for his probation violation, but it imposed a grossly excessive sentence that was unreasonable and an abuse of discretion.[1] Appellant concludes, this Court should vacate and remand for a more appropriate and reasonable revocation sentence in accordance with the sentencing code of this Commonwealth. As argued, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim

---

[1] Appellant preserved his issue in his post-sentence motion for reconsideration, filed October 28, 2016.

that sentence is manifestly excessive challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining appellate review of revocation sentence includes discretionary sentencing challenges). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). "This failure

cannot be cured by submitting the challenge in a Rule 1925(b) statement." ***Commonwealth v. McAfee***, 849 A.2d 270, 275, (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." ***Commonwealth v. Phillips,*** 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra,*** ***supra*** at 913. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at

624.  *See, e.g., Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006) (stating defendant raised substantial question with respect to claim that revocation sentence was excessive in light of underlying technical probation violations).  An allegation that the sentencing court failed to consider a specific mitigating factor, however, generally does not raise a substantial question.  *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321 (Pa.Super. 2006).  Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court.  *See* 42 Pa.C.S.A. § 9771(c).  The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation.  *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006).  "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed

originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence...." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id.***

After a thorough of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Rayford A. Means, we conclude Appellant's issue merits no relief. In its opinion, the trial court comprehensively discusses and properly disposes of the question presented. (***See*** Trial Court Opinion at 1-7) (finding: in 2010, Appellant was originally convicted of robbery and criminal conspiracy; robbery and conspiracy offenses both carried maximum sentences of 10 years' imprisonment;

court's recent resentence of 4-8 years' imprisonment is within statutory limits; since Appellant's original conviction in 2010, he has further engaged in unlawful behavior and was convicted of new, more serious offenses; Appellant's continued criminal conduct and progression toward more violent offenses indicates lenient sentence would fail to ensure Appellant received rehabilitation he needs; while on probation, Appellant participated in another robbery, brandished gun, and severely beat victim; Appellant's commission of increasingly violent offenses while on probation shows he is danger to community; confinement is necessary to vindicate authority of revocation court and protect public; before imposing new sentence, revocation court considered need to protect public, gravity of Appellant's conduct, and Appellant's rehabilitative needs; court considered ample information concerning Appellant's background; Appellant has been on revocation court's probation since 2010; revocation court is aware of unique facts of Appellant's case; court's familiarity with Appellant's past criminal conduct and progression of criminal behavior rendered court sufficiently informed; court's sentence reflects unique nature of Appellant's character, rehabilitative needs, and probation violations). The record supports the courts rationale. Therefore, Appellant's challenge to the discretionary aspects of his sentence merits no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA    :    CP-51-CR-0010593-2010 **FILED**

        :

        :                 APR **1 0** 201̶9̶

     v.         :

        :     3654 EDA 2016     **Criminal Appeals Unit**

        :                   **First Judicial District of PA**

     **AARON GILL**

**MEANS, J.**                                           **April 7, 2017**

**OPINION**      CP-51-CR-0010593-2010 Comm. v. Gill, Aaron
Opinion



7931183401

**HISTORY**

On November 4th, 2010, Aaron Gill, Defendant, entered into a negotiated guilty plea in CP-51-CR-0010593-2010 to (i) Robbery by Inflicting Threat of Imminent Bodily Injury in violation of 18 Pa. C.S. § 3701 §§ (a)(1)(iv) and (ii) Criminal Conspiracy in violation of 18 Pa. C.S. § 903 §§ (a)(1). Defendant was sentenced to eleven and a half (11 ½) to twenty three (23) months confinement, and one (1) year of probation, with immediate parole. Dkt. CP-51-CR-0010593-2010, at 4.

On June 14th, 2012 the Defendant entered into a non-negotiated guilty plea in MC-51-CR-0050330-2011, to (i) Possessing an Offensive Weapon in violation of 18 Pa. C.S. § 908 §§ (a). These offenses took place while on this Court's probation. At a subsequent Violation of Probation ("VOP") hearing, this Court found Defendant to be in violation of its probation and sentenced Defendant to a new eight (8) years of probation. Dkt. CP-51-CR-0010593-2010, at 2.

1

On July 6th, 2013, Defendant was again arrested while on this Court's probation, and on June 7th, 2016, the Defendant was found guilty of: (i) Robbery by Inflicting Threat of Imminent Bodily Injury in violation of 18 Pa.C.S. § 3701 §§ (a)(1)(iv); (ii) Possession of a Firearm Prohibited in violation of 18 Pa.C.S. §6105 §§ (a)(1); (iii) Theft by Unlawful Taking of Movable Property in violation of 18 Pa.C.S. §3921 §§ (a); (iv) Possessing Instruments of a Crime in violation of 18 Pa.C.S. § 907 §§ (a); and (v) Simple Assault in violation of 18 Pa.C.S. § 2701 §§ (a). The Honorable Judge Scott O'Keefe in the Philadelphia Court of Common Pleas sentenced the Defendant to serve a total term of incarceration of two and a half (2 ½) to five (5) years, followed by five (5) years of probation. Dkt. C P-51-CR-009451-2013, at 1-2.

Following a VOP hearing on October 24th, 2016, this Court found Defendant to be in violation of its probation, revoked Defendant's probation, and sentenced him to a term of four (4) to eight (8) years of incarceration in CP-51-CR-0010593-2010 to be served consecutively to the two and a half (2 ½) to five (5) years imposed by Judge O'Keefe. N.T. 10/24/2016, at 5:14-21.

On October 28th, 2016, Defendant filed a Motion for Reconsideration of VOP Sentence. Def.'s Motion for Reconsideration of VOP Sentence. On November 23rd, 2016, the Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania. Def.'s Notice of Appeal. On January 3rd, 2017 this Court issued an order directing the Defendant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On January 23rd, 2017 Defendant filed a Concise Statement of Errors Complained of on Appeal alleging that this Court erred by imposing a sentence that was manifestly excessive and unreasonable under Section 9721 of the sentencing code and was disproportionate to the conduct at issue. Def.'s Stmnt. of Errors Complained of on Appeal.

## I.    LEGAL ISSUES

Because this case involves a Violation of Probation, the only grounds for appeal are that: (i) the Court lacked jurisdiction to impose a sentence, or (ii) that the sentence imposed was illegal or excessive. Commonwealth v. Infante, 585 Pa. 408, 419, 888 A.2d 783, 790 (Pa. 2005) (holding that "the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation").

### A.  Jurisdiction

It is clear that this Court had jurisdiction to impose a sentence upon the Defendant. The original charges were felony matters, which occurred in the City of Philadelphia, and were tried before a duly elected judge. The subsequent Violations of Probation also occurred in the city of Philadelphia. Dkt. CP-51-CR-0025523-2010. Therefore, lack of jurisdiction cannot serve as grounds for appeal in this matter. See generally, Commonwealth v. Bethea, 574 Pa. 100, 828 A.2d 1066 (2003).

### B.  Legality of Sentencing

The imposition of sentence following the revocation of probation "is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." Commonwealth v. Smith, 669 A.2d 1008, 1011 (Pa. Super. 1996); see also Commonwealth v. Clarke, 70 A.3d 1281, 1287 (Pa. Super. 2013). A sentencing court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly

3

unreasonable or the result of partiality, prejudice, bias or ill-will." Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996); see also Commonwealth v. Wallace, 870 A.2d 838 (Pa. 2005).

In sentencing the Defendant, a trial Court is required to "consider the general principles and standards of the Sentencing Code." Commonwealth v. Russell, 460 A.2d 316, 322 (Pa. Super. 1983); Commonwealth v. Forbes, No. 3671 EDA 2015, 2017 WL 87144 (Pa. Super. Ct Jan 10, 2017). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. A. § 9721(b). In addition, 42 Pa. C.S.A. § 9771(c) permits the trial court to impose a sentence of total confinement in order to vindicate its authority.

Upon revocation of probation, a sentencing court possesses the same sentencing options that it had at the time of initial sentencing. 42 Pa. C.S.A. § 9771(b); E.g. Commonwealth v. Pierce, 441 A.2d 1218 (Pa. 1982); Commonwealth v. Wallace, 870 A.2d 838 (Pa. 2005). The trial court may impose total confinement if one of three conditions is met:

    i.  defendant has been convicted of another crime;
   ii.  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
  iii.  such a sentence is essential to vindicate the authority of the court.

42 Pa. C.S.A. § 9771(c).

In the instant case, Defendant was originally convicted in CP-51-CR-0010593-2010 of (i) Robbery by Inflicting Threat of Imminent bodily Injury in violation of 18 Pa.C.S. § 3701 §§

4

(a)(1)(iv) and (ii) Criminal Conspiracy of Engaging in Robbery by Inflicting Threat of Imminent bodily Injury in violation of 18 Pa.C.S. § 903 §§ (a)(1). Under the Robbery provision, any person who " inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury" is "guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten (10) years, or to pay a fine not exceeding twenty five thousand dollars ($25,000), or both..." Id.; and 18 Pa.C.S. § 1101 (2), 1103. The charge of Conspiracy is of the same grade and degree as the underlying Robbery offense. 18 Pa.C.S.A. § 905. As such, this Court's sentence of four (4) to eight (8) years of confinement falls within the statutory limits.

The facts are clear that since his original conviction, Defendant engaged in further unlawful behavior and was convicted of new, and more serious, offenses. Defendant's continued involvement with criminal activity and his progression toward more violent offenses shows that a more lenient sentence would fail to ensure that Defendant receives the rehabilitative programming he needs. Commonwealth v. Forbes, No. 3671 EDA 2015, 2017 WL 87144 (Pa. Super. Ct Jan 10, 2017). While on probation for CP-51-CR-0010593-2010, Defendant participated in another robbery, this time brandishing a gun. N.T. 10/24/2016, at 3:14-17. Defendant chased the victim "into a library and beat him to a pulp, and then went through his pockets and robbed him." N.T. 10/24/2016, at 3:11-14. This Court is deeply unsettled by the fact that Defendant's criminal conduct has escalated to include deadly weapons. The fact that the Defendant has been wholly unable to behave within the confines of the law, and that he committed new, increasingly violent offenses, while on probation, evidences that he is a danger to the community and that a period of confinement is necessary both to vindicate the authority of this Court and to protect the public. Before imposing a sentence of total confinement, this Court carefully considered the need to

5

protect the public, the gravity of the Defendant's conduct and its potential impact of the community, and the Defendant's rehabilitative needs. Id.

Although this Court's comments a sentencing were brief, it's clear from the record that this Court received and considered ample information regarding Defendant's background.

> Section 9721(b) directs the trial court to consider certain factors and place the reason for its sentence on the record, Our Supreme Court recently held, following revocation, a sentencing court need not undertake lengthy discourse regarding its punishment or specifically mention the statutes in question.

Id. (citing Commonwealth v. Pasture, 107 A.3d 21, 28 (Pa. 2014)).

Our case law requires the sentencing court [be] informed of comprehensive information to make the punishment fit not only the crime but also the person who committed it. Commonwealth v. Carillo-Diaz, 64 A.3d 722, 726 (Pa. Super. 2013). Here, Defendant has been on this Court's probation since 2010. This Court is sufficiently aware of the unique facts of the case, as Defendant has appeared for multiple violations of probation for matters involving violent conduct with deadly weapons, during that time formulated an individually tailored punishment within the statutory maximum. This Court's familiarity with Defendant's past criminal conduct and the progression of his criminal behavior rendered the Court sufficiently informed such that its sentence reflected the unique nature of the Defendant's character and his direct probation violations. Commonwealth v. Forbes, No. 3671 EDA 2015, 2017 WL 87144 (Pa. Super. Ct Jan 10, 2017).

Accordingly, because this Court imposed a sentence within the statutory maximum and considered Defendant's background, rehabilitative needs, and new offenses, it did not impose an illegal or excessive sentence.

6

## II.  CONCLUSION

Based on the above reasons, the judgment of this Court should not be disturbed.

BY THE COURT:

MEANS, J